```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION

LINDA SUSANNE KING,              §
                                 §
     Plaintiff,                  §
                                 §
vs.                              §    C.A. NO. C-05-408
                                 §
BANK OF NEW YORK, et al,         §
                                 §
     Defendants.                 §
```

## ORDER OF REMAND

On this day came on to be considered Plaintiff's Motion to Remand the above-styled action for lack of subject matter jurisdiction. For the reasons discussed below, the Motion to Remand is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 36th Judicial District Court of San Patricio County, Texas, where it was originally filed and assigned Cause Number 05-5646CV-A.

### I.  Background

On July 19, 2005, Linda Susanne King ("Plaintiff"), a citizen of Texas, filed suit in state court against Defendants Bank of New York, Countrywide Home Loans, Inc., and Diane and William Larew, alleging trespass, wrongful foreclosure of her home, and violations of the Texas Debt Collection statute. Defendant Bank of New York is a New York corporation with its principal place of business in New York. Defendant Countrywide Home Loans is a New York corporation with its principal place of business in California. Defendants Diane and William Larew are, like the Plaintiff,

citizens and residents of Texas.

The facts of Plaintiff's claims, although somewhat vague at this stage in the proceedings, can be generally summarized as follows. Plaintiff and her husband purchased a home in Portland, Texas, simultaneously executing a Note and Deed of Trust to Milestone Mortgage Corporation ("Milestone"), pledging the property as collateral for the loan. Milestone subsequently assigned the Note and Deed of Trust to Defendant Countrywide Home Loans, Inc. ("Countrywide"). Countrywide, in turn, transferred the trust instrument to Defendant Bank of New York ("BONY"), but continued to act as the servicer on the mortgage.

Eventually BONY and Countrywide determined that Plaintiff was in default on her loan and accelerated the debt. Following the acceleration, BONY and Countrywide hired Diane Larew as Substitute Trustee to initiate foreclosure against Plaintiff's property. According to Plaintiff, "Defendants failed to provide to the Plaintiff all required notices necessary to properly foreclose." (Pl.'s Orig. Petition at 2.) Nevertheless, the foreclosure was finalized on March 1, 2005. After the foreclosure on the property, according to Plaintiff, Defendants spent the months of April and May taking steps to forcibly remove Plaintiff and her children from the foreclosed property. (Pl.'s Orig. Petition at 2.) Defendant William Larew represented BONY and Countrywide in a judicial proceeding to evict her from the foreclosed property. During the

course of that proceeding, Plaintiff alleges that William Larew "misrepresented Plaintiff's debt status" and wrongfully claimed that "all notices were properly sent . . . and the foreclosure was conducted in accordance with Texas law." (Pl.'s Orig. Petition at 3; Pl.'s Mot. to Remand at 2.)

Plaintiff responded by filing suit in 36th Judicial District of San Patricio County, Texas. Two of the three counts in Plaintiff's state court petition included allegations against the Larew Defendants.[1] In the first count, Plaintiff alleged that Defendants "Countrywide and [BONY,] in conjunction with Defendant Diane Larew, wrongfully deprived Plaintiff of her home, including that of legal title and possession thereof" by failing to provide proper notice of foreclosure. (Pl.'s Orig. Petition at 3.) In the second count, Plaintiff claimed that the Larew Defendants were liable for trespass because they "aided and assisted in the

---

[1] The Third Count of Plaintiff's Original Petition did not mention the Larew Defendants, stating only that BONY and Countrywide made certain misrepresentations that violated the Texas Debt Collection Statute. (Pl.'s Orig. Petition at 3.) In fact, Plaintiff's Original Petition made no specific mention of William Larew, or his role in the foreclosure, at all. In Plaintiff's Motion to Remand, however, this Court was confronted for the first time with the allegation that Defendant William Larew was the person who actually made the misrepresentations and thus is not an improperly joined party. (Pl.'s Mot. to Remand at 2). Because this Court finds that Plaintiff has stated a claim against the trustee, Diane Larew, it is unnecessary to analyze whether Plaintiff has also stated a claim against William Larew. Whether a claim can also be maintained against William Larew is a question better left to the state court on remand, after Defendants have had a chance to respond to the allegations made for the first time in Plaintiff's motion.

wrongful foreclosure."  (Pl.'s Orig. Petition at 3.)

Defendants BONY and Countrywide timely removed to this Court, alleging that federal diversity jurisdiction existed pursuant to 28 U.S.C. § 1332.  Defendants alleged that the amount in controversy exceeded $75,000, and that the Plaintiff (a Texas citizen) and all *properly*-joined Defendants were citizens of different states. Defendants conceded that the Larew Defendants were Texas citizens and thus not diverse from Plaintiff.  Nevertheless, Defendants argued that the Larews' citizenship should be disregarded for the purposes of determining diversity jurisdiction because they were merely "nominal parties" to the suit and thus improperly joined.

## II. Discussion

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  The removing party--as the party seeking the federal forum--bears the burden of showing that federal jurisdiction exists and that removal was proper. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id. (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.")).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, this Court has subject matter jurisdiction if there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000.  See 28 U.S.C. § 1332(a).  The second requirement is not a serious issue in this case.  Plaintiff seeks mental anguish damages, monetary damages resulting from the loss of her home, exemplary damages, and attorney's fees from the Defendants.  Furthermore, Defendants produced a demand letter in which Plaintiff stated that she sought recovery of her home as well as $500,000 in monetary damages. Under these circumstances, the Court finds it facially apparent that the amount-in-controversy requirement is satisfied. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); see also Sorensen v. Ashmore, 4 F.Supp.2d 669, 670 (E.D. Tex. 1998) (finding that it was facially apparent that the amount-in-controversy requirement was satisfied where Plaintiff sought actual damages, emotional distress damages, punitive damages, and attorney's fees).  Therefore, the sole issue before this Court is whether the Larew Defendants were improperly joined, such that the complete diversity of citizenship requirement is satisfied.

It is well-established that the diversity statute requires 'complete diversity' of citizenship.  A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."

Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003) (citations omitted). As noted above, it is undisputed that the Plaintiff in this case shares the same state of citizenship–-Texas–-as the Larew Defendants. Such shared citizenship between a plaintiff and a defendant is ordinarily fatal to federal diversity jurisdiction unless an exception applies. One such exception is known as "improper joinder."

### A.   Improper Joinder

The Fifth Circuit has counseled district courts, in analyzing diversity jurisdiction, to disregard the citizenship of parties that have been *improperly* joined. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc) ("The doctrine of improper joinder rests on ... statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'") (citing 28 U.S.C. § 1441(b)). The rationale of this doctrine of improper joinder (also known as "fraudulent joinder")[2] is that the right of removal should not "be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914). Rather, federal

---

[2] The term, "improper joinder," was recently adopted by the Fifth Circuit. See Smallwood, 385 F.3d at 571 n.1 ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.").

courts should be vigilant not to sanction devices intended to prevent the removal to a federal court where a defendant has that right."  Smallwood, 385 F.3d at 573 (quotation omitted).

The burden of proving improper joinder, however, is on the defendant, and that burden is a "heavy one."  Griggs v. State Farm Lloyds, 181 F.3d 694, 699, 701 (5th Cir. 1999).  Indeed, the Supreme Court has stated that:

> Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith.

Chesapeake, 232 U.S. at 152.

Therefore, the Fifth Circuit has stated that improper joinder may be established in one of two ways.  The defendant either must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Smallwood, 385 F.3d at 573 (citation omitted).  Only the second method is at issue in this case, and the test for improper joinder under this second approach is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  Id.

When applying this test, a court must "resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.  [A court is] then to determine

whether that party has any possibility of recovery against the party whose joinder is questioned." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted). Generally, in determining the possibility of recovery under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385, F.3d at 573. "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." Id.

Unfortunately, the only proof of federal jurisdiction offered by Defendants BONY and Countrywide to meet their "heavy burden" are two sentences containing the bare assertion that trustees under a deed of trust are "nominal parties to this action" and therefore, "no consideration is given to their citizenship for the purposes of removal." (Def.'s Notice of Removal at 2). The sole citation provided in support of these conclusions is the case of Hirsch v. Stone, 62 F.2d 120, 122 (5th Cir. 1932). As far as this Court can tell, however, Hirsch provides no support for the proposition that trustees of a deed of trust are always "nominal parties."

Hirsch involved a debt secured by a deed of trust on Texas property. Id. at 121. When the debtor defaulted, Holliday, the trustee, chose to resign rather than foreclose on the land. Id. Plaintiff-creditors brought a foreclosure proceeding in federal court against Stone, the maker of the deed, and Holliday, the

former trustee.  Id. at 121.  The plaintiffs alleged federal jurisdiction based on diversity of citizenship, as plaintiffs were citizens of Louisiana and defendants Holliday and Stone were citizens of Texas. Id. Defendants argued, however, that defendant Holliday, as trustee, was vested with legal title to the property in question and was therefore actually a necessary *plaintiff* to the foreclosure proceeding.  Id.  Because Holliday was a necessary plaintiff, defendants argued, diversity jurisdiction was defeated because Holliday and Stone were citizens of the same state.  Id.

The Fifth Circuit disagreed, noting that a deed of trust in Texas conveys no interest in property, but rather grants the power to sell the land when requested under the terms of the trust instrument. Id. at 122.  Thus, the court reasoned, the trustee was not a necessary plaintiff to a suit to foreclose a lien.  Id.  The Hirsch court did not hold, as Defendants in this case seem to insinuate, that a trustee is somehow *always* a nominal party to any action involving a deed of trust, even where, as here, a plaintiff alleges some affirmative misconduct on the part of the trustee. Similarly, Hirsch says nothing about trustees being automatically immune from liability regarding every transaction related to the deed of trust.  If that were the case there would be some merit to the argument that Plaintiff has "no possibility" of recovering from Diane Larew.  Reality, however, is quite different from the Defendants' interpretation of Hirsch, and this Court is convinced

that Plaintiff has stated a cause of action against Diane Larew in both wrongful foreclosure and trespass.

### B. Wrongful Foreclosure

In Texas, "a trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility." Peterson v. Black, 980 S.W.2d 818, 822 (Tex. App.--San Antonio 1998) (citing Hammonds v. Holmes, 559 S.W.2d 345, 347 (Tex. 1977)). "When exercising a power in a deed of trust, the trustee becomes a special agent for both parties, and he must act with absolute impartiality and with fairness to all concerned in conducting a foreclosure." Powell v. Stacy, 117 S.W.3d 70, 74 (Tex.App.--Fort Worth 2003). The trustee must strictly comply with the terms of the deed of trust as well as the notice and sale provisions of § 51.002 of the Texas Property Code. See, e.g., Powell, 117 S.W.3d at 74; Stephenson v. LeBoef, 16 S.W.3d 829, 836-7 (Tex. App.--Houston 2000); Cargal v. Cargal, 750 S.W.2d 382, 385 (Tex.App.--Fort Worth 1988); Tex. Prop. Code § 51.002. With respect to the issue of notice in particular, "compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale." Harwath v. Hudson, 654 S.W.2d 851 (Tex. App.--5th Dist. 1983) (citing Goode v. Davis, 135 S.W.2d 285, 292 (Tex. Civ. App.--Fort Worth 1939)).

With these cases in mind, the Court finds there is simply no merit in Defendants' attempt to label trustees "nominal defendants."[3] Plaintiff has alleged improper notice of the foreclosure, which, if true, might subject Diane Larew to liability to the extent she is responsible for the defect. The crux of Defendants' argument for improper joinder is that the Plaintiff's real dispute is with the BONY and Countrywide, and that the Larew Defendants were merely acting as agents of the Banks. This is nearly identical to the argument rejected by the Texas Supreme Court in <u>Hammonds v. Holmes</u>, 559 S.W.2d 345 (Tex. 1977). In that case, the court said of a trustee:

> He was trustee in the deed of trust, and plaintiffs allege that he foreclosed without cause to do so . . . It cannot be said as a matter of law that he acted in the foreclosure in the capacity of bank employee. The trustee has a separate capacity and is imposed with a particular legal responsibility. . . . Summary judgment was not justified [against the trustee] on . . . the allegations of these pleadings alone.

<u>Id</u>. at 347. Because Diane Larew, as trustee, acted in a separate capacity from BONY and Countrywide, and bears responsibility for her actions in the foreclosure process, this Court finds that she has not been improperly joined.

---

[3] Even if trustees were automatically "nominal defendants," that would only support Defendants' argument that Diane Larew was improperly joined. It would provide no support for the argument that William Larew (who did not act as trustee) was also improperly joined. It may be that Plaintiff's Petition (and its failure to mention William Larew's role in the foreclosure) led Defendants, like this Court, to believe that Plaintiff was only asserting a claim against the Larews for Diane Larew's acts as trustee.

**C.    Trespass**

Similarly, and for the sake of completeness, this Court will also briefly address the Plaintiff's claim against the Diane Larew in trespass.  In Texas, trespass is generally defined as "the unauthorized and intentional entry on the land of another."  Nugent v. Pilgrim's Pride, 30 S.W.3d 562, 575 (Tex. App.--Texarkana 2000). The entry upon another's land, however, "need not be in person, but may be made by causing or permitting a thing to cross the boundary of the premises."  Glade v. Dietert, 295 S.W.2d 642, 645 (Tex. 1956); Nugent, 30 S.W.3d at 575.

At its broadest phrasing, trespass in Texas "requires only proof of interference with the right of possession of real property."  Cargal v. Cargal, 750 S.W.2d 382, 385 (Tex. App.--Fort Worth 1998).  In Cargal, trespass was found where the holder of a deed of trust wrongfully evicted and foreclosed on the plaintiff's property.  Id. at 385.  The Cargal court rejected the contention that no trespass had been committed merely because the interference with plaintiff's land had occurred because of a foreclosure pursuant to a deed of trust.  Id.  The court noted:

> appellant had to follow certain specified steps, by law
> and in accordance with the deed of trust, before the
> property could be foreclosed upon and before appellant
> could gain legal rights thereto. . . . The record as a
> whole reflects sufficient evidence to support the trial
> court's finding that appellant wrongfully interfered with
> appellee's right of possession to the property in
> question.

Cargal, 750 S.W.2d at 385 (citing Tex. Prop. Code § 51.002).

In this case, it is reasonably possible that Plaintiff could maintain a similar action for trespass against Diane Larew. Plaintiff, like the plaintiff in <u>Cargal</u>, alleges that a defective foreclosure interfered with her right to possess her land. More specifically, Plaintiff alleges that, after the wrongful foreclosure, Defendants took steps to forcibly remove the Plaintiff and her children from their home. These allegations, if true, state a claim under Texas law.

### III. Conclusion

At this stage of the proceedings, resolving all doubts regarding facts, law, and jurisdiction against the Defendants, this Court is convinced that Plaintiff has a reasonable possibility of recovery against Diane Larew under state law. Therefore, Plaintiff's Motion to Remand is hereby GRANTED, and this action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 36th Judicial District Court of San Patricio County, Texas, where it was originally filed and assigned Cause Number 05-5646CV-A.

SIGNED and ENTERED this 7th day of September, 2005.

_____
Janis Graham Jack
United States District Judge